UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PATRICK BERNARD,

        Petitioner,

v.

BECKY DOOLEY, Warden,
State Prison of Moose Lake, Minnesota,

        Respondent.

Civil No. 10-799 (ADM/JJG)

**REPORT AND
RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

In 1997, Petitioner was convicted in the state district court for Hennepin County, Minnesota, for (i) intentional second degree murder, and (ii) intentional attempted second degree murder. (Petition, [Docket No. 1] pp. 1-2, ¶ 4.) He was sentenced to a total of 360 months in prison, (id.), and he is presently serving his sentence at the Minnesota Correctional Facility in Moose Lake, Minnesota.

After Petitioner was convicted, he filed a direct appeal, which challenged the legality

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

of his conviction on multiple grounds, including wrongful admission of prejudicial evidence, insufficiency of the evidence, juror misconduct, prosecutorial misconduct, and denial of a speedy trial. The Minnesota Court of Appeals rejected all of Petitioner's arguments on the merits, and affirmed his conviction and sentence. <u>State v. Bernard</u>, No. C0-98-700 (Minn. App. 1999), 1999 WL 912127 (unpublished opinion). The Minnesota Supreme Court denied Petitioner's application for further review on March 16, 1999.

In 2004, Petitioner filed a post-conviction motion in the trial court. That motion was denied, and Petitioner apparently did not appeal the trial court's ruling.[2] On July 30, 2007, Petitioner filed a second post-conviction motion in the trial court. (Petition, p. 6.) In that motion, Petitioner contended that:

(1) his Sixth Amendment right to confront witnesses was violated when the trial court allowed certain "hearsay" evidence to be admitted at trial;

(2) his constitutional right to due process was violated, because the trial court gave the jury an erroneous instruction, which effectively relieved the prosecution from its burden of proving all elements of the charged offense beyond a reasonable doubt;

(3) he was denied his Sixth Amendment right to effective assistance of counsel at trial, because his lawyer did not challenge the alleged confrontation/hearsay error, or the alleged jury instruction error; and

(4) he was denied his Sixth Amendment right to effective assistance of counsel on direct appeal, because his appellate counsel failed to raise the confrontation/hearsay claim,

---

[2] The Court has found no clear reference to Petitioner's first state post-conviction motion in his current habeas corpus petition, but it is mentioned in an "appendix" filed with the petition. (Brief in Support of Petition, [Docket No. 3], Appendix C, "Order Denying Petition For Post-Conviction Relief," dated September 25, 2007, at p. 2.)

2

the jury instruction claim, or the ineffective assistance of trial counsel claim.

The trial court denied Petitioner's second post-conviction motion on September 25, 2007, (see n. 2, supra), and Petitioner then filed another appeal. The Minnesota Court of Appeals rejected Petitioner's arguments on appeal, and affirmed the trial court's denial of the second post-conviction motion. Bernard v. State, No. A07-2225 (Minn. App. 2008), 2008 WL 4977438 (unpublished opinion). The Minnesota Supreme Court denied Petitioner's subsequent request for further review on March 17, 2009.

The current federal habeas corpus petition is dated March 11, 2010, and it was filed by the Clerk of Court on March 15, 2010. This petition presents the same claims that Petitioner raised in his second state post-conviction motion – i.e., (1) denial of his Sixth Amendment right to confront adverse witnesses; (2) denial of due process as a result of an erroneous jury instruction; (3) ineffective assistance of trial counsel for failing to raise grounds (1) and (2) at trial; and (4) ineffective assistance of appellate counsel for failing to raise grounds (1), (2) and (3) on direct appeal. (See Petitioner's Brief in Support of Petition, [Docket No. 3], pp. 10-11.)

However, the Court cannot reach the merits of any of Petitioner's current claims, because this action is clearly barred by the one-year statute of limitations that applies to federal habeas corpus petitions filed by state prisoners.

## II. DISCUSSION

28 U.S.C. § 2244(d) establishes a one-year statute of limitations for habeas corpus petitions filed by state prison inmates. The statute provides as follows:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing in Petitioner's submissions which suggests that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no suggestion that the State created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitations period, nor is there any suggestion that Petitioner's current claims are based on any new, retroactively applicable, constitutional ruling, or any new evidence that could extend the deadline for seeking federal habeas corpus relief.

Thus, the Court finds that the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's conviction and sentence were upheld by the Minnesota Supreme Court on direct appeal on March 16, 1999, when Petitioner's request for further review was denied. However, for purposes of 28 U.S.C. § 2244(d)(1)(A), the judgment did not become "final"

4

until the expiration of the deadline for filing a petition for a writ of certiorari with the United States Supreme Court. Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court. Sup. Ct. R. 13.1.

Therefore, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became "final" on June 14, 1999 -- 90 days after the Minnesota Supreme Court upheld his conviction and sentence on direct appeal. The statute of limitations expired one year later, on June 14, 2000. However, Petitioner did not file his current petition until March 2010, which was nearly ten years after the statute of limitations deadline.

The Court recognizes that the habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief, in a procedurally proper state court proceeding. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

However, the tolling provisions of § 2244(d)(2) cannot aid Petitioner here, because the statute of limitations had already expired before he filed his first post-conviction motion in the trial court. The statute of limitations expired on June 14, 2000, and Petitioner did not file his first state post-conviction motion until 2004. Thus, the federal habeas statute of limitations expired several years before Petitioner filed his first post-conviction motion. See Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state

post-conviction relief is filed counts against the one-year period"); McMullan v. Roper, No. 09-1176 (8th Cir. Mar. 26, 2010), ___ F.3d ___, 2010 WL 1133475 at *2 ("[t]he time between the conclusion of a direct appeal and the filing of a state court application for post-conviction relief does not toll the AEDPA statute of limitations"). Because the federal limitations period expired before either of Petitioner's two state post-conviction motions was filed, his post-conviction motions could not have tolled the statute of limitations. See Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006) ("[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired"). See also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000); Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief").

Petitioner may believe that his state post-conviction motions did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitations period that did not begin to run until his most recent state post-conviction proceedings were fully complete. That, however, is simply not the case. "Section 2244(d)(2) only stops, but does not reset, the [statute of limitations] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted). Again, once the statute of limitations expired in this case, on June 14, 2000, it could not thereafter be restarted by the filing of Petitioner's

subsequent post-conviction motions.³

Finally, the Court has considered whether the doctrine of "equitable tolling" could save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when <u>extraordinary circumstances beyond a prisoner's control</u> make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be <u>guarded and infrequent</u>, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Id. at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses

---

³ As explained in Sorce v. Artuz, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999):

> "The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired."

See also Lucidore v. New York State Div. of Parole, No. 99 CIV 2936 AJP, (S.D.N.Y. 1999), 1999 WL 566362 at * 4 ("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by bringing a belated state collateral attack"), aff'd 209 F.3d 107 (2nd Cir.), cert. denied, 532 U.S. 873 (2000); Broom v. Garvin, 99 Civ. 1083 (JSM) (S.D.N.Y. Apr. 26, 1999), 1999 WL 246753 at *1 ("the filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

as prisoner ignorance or inadequate legal assistance. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline.

In this case, Petitioner has not requested equitable tolling, and there is nothing in his submissions which suggests that he could possibly be eligible for equitable tolling. It appears that in this case, as in Baker, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction." 321 F.3d at 772. Therefore, the tardiness of this action cannot be excused based on equitable tolling.

### III. CONCLUSION

For the reasons discussed above, the Court finds that this action is time-barred. The statute of limitations deadline for seeking federal habeas corpus relief expired in this case on June 14, 2000. However, Petitioner did not file his current petition until March 2010 – nearly ten years after the statute of limitations expired.

Petitioner's state post-conviction motions could have tolled the federal statute of limitations pursuant to 28 U.S.C. § 2244(d)(2), if they had been filed before the federal limitations period expired. In fact, however, Petitioner did not seek post-conviction relief in the state courts until well after the federal statute of limitations had already expired, so there was not an effective § 2244(d)(2) tolling in this case. The Court has further found that equitable tolling cannot be applied here. Thus, the Court concludes that Petitioner's current § 2254 habeas corpus petition is untimely, and that this action must be dismissed with prejudice.

Lastly, the Court notes Petitioner has filed an application for leave to proceed

in forma pauperis, ("IFP"), in this matter. (Docket No. 2.)  Having determined that this action must be summarily dismissed due to untimeliness, the Court will further recommend that Petitioner's pending IFP application be summarily denied.  See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

**IV.  RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2.  Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

3.  This action be DISMISSED WITH PREJUDICE.


Dated:  March 31, 2010              s/ *Jeanne J. Graham*
                                                              JEANNE J. GRAHAM
                                                              United States Magistrate Judge


**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **April 14, 2010**.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.